1  PATRICIA L. GLASER - State Bar No. 55668
   pglaser@glaserweil.com
2  CRAIG MARCUS - State Bar No. 156242
   cmarcus@glaserweil.com
3  ALEXANDER J. SUAREZ - State Bar No. 289044
   asuarez@glaserweil.com
4  GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7
   Attorneys for Petitioners
8  Eric Schmidt, Maple Beach Ventures One, LLC,
   TSFV Holdings, LLC, and AS Management, LLC
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

14  ERIC SCHMIDT, an individual residing in          CASE NO.:
    California; MAPLE BEACH VENTURES ONE,
15  LLC, a Delaware limited liability company;        **PETITIONERS' NOTICE OF PETITION**
    TSFV HOLDINGS, LLC, a Delaware limited            **AND PETITION TO CONFIRM**
16  liability company; and AS MANAGEMENT,             **ARBITRATION AWARD AND FOR**
    LLC, a Delaware limited liability company,        **ENTRY OF JUDGMENT; REQUEST FOR**
17                                                    **ATTORNEY'S FEES**
                    Petitioners,
18                                                    [9 U.S.C. § 9 (Federal Arbitration Act)]
    v.
19                                                    *[Filed concurrently with Declaration of Craig*
    DEREK RUNDELL, an individual residing in          *Marcus and Proposed Judgment]*
20  Colorado; MAPLE BEACH VENTURES, LLC,
    a Nevada limited liability company;               DATE:              TBD
21  STARTERNOISE, a business entity form              TIME:              TBD
    unknown; STUDENT DEALS, a business entity         COURTROOM:         TBD
22  form unknown; and TENNYSON COMPANY,
    LLC, a Colorado limited liability company,
23
                    Respondents.
24

25

26

27

28
                                                 0

Glaser Weil

## NOTICE OF PETITION AND PETITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2023, at _____ a.m./p.m. in Courtroom _____ of the United States District Court for the Northern District of California, Petitioners Eric Schmidt ("Schmidt"), Maple Beach Ventures One LLC ("MBVO"), TSFV Holdings LLC ("TSFV"), and AS Management LLC ("ASM") (collectively "Petitioners") will petition the Court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, for an order confirming the March 20, 2023 binding Stipulated Arbitration Consent Award ("Stipulated Consent Award") rendered pursuant to the arbitration rules of the American Arbitration Association ("AAA") by a duly appointed arbitrator in an arbitration between Petitioners and Respondents Derek Rundell ("Rundell"), Maple Beach Ventures LLC ("MBV"), StarterNoise ("StarterNoise"), Student Deals ("Student Deals"), and Tennyson Company LLC ("Tennyson") (collectively "Respondents"; Petitioners and Respondents collectively referred to as the "Parties"), and for entry of judgment thereon.

This Petition is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Craig Marcus ("Marcus Decl.") and all exhibits thereto, including the Stipulated Consent Award stipulated to by the Parties and executed by the Arbitrator, any matters of which the Court may take judicial notice, and such other evidence and argument as may be presented on this Petition.

Counsel for Petitioners gave counsel for Respondents notice of this Petition to Confirm Arbitration Award and for Entry of Judgment via email on March 30, 2023, pursuant to an agreement by counsel for Respondents to accept such service.  Marcus Decl., Ex. 8.

## RELIEF SOUGHT

Petitioners seek an order from this Court (i) confirming the Stipulated Consent Award; (ii) entering judgment pursuant to the Stipulated Consent Award, including pre-judgment interest; and (iii) awarding attorneys' fees to Petitioners pursuant to the Forbearance Agreement between the Parties.  ***Respondents have stipulated, and waived any and all challenges, to the Stipulated Consent Award that is the subject of this Petition***.  Marcus Decl., Ex. 3 at Section II(I)(1)–(3) (p.

1

1  19) and Ex. 1 at 2:26-27.

2  **MEMORANDUM OF POINTS AND AUTHORITIES**

3  **I.     INTRODUCTION**

4  On March 20, 2023, the Honorable Vaughn R. Walker (the "Arbitrator"), a duly appointed

5  arbitrator of the AAA, executed the Stipulated Consent Award in *Eric Schmidt, et al. v. Derek*

6  *Rundell, et al.*, AAA Case No. 01-21-0017-3351 (the "Stipulated Consent Award").  Marcus Decl.,

7  Ex. 1 at p. 1; *see also* Marcus Decl., Ex. 4. Pursuant to the Stipulated Consent Award, Petitioners

8  are entitled to judgment as follows:

9      1.     For a money judgment in the sum of $2,052,250 (the "Award Amount") in favor of

10            Petitioners and against Respondents, jointly and severally; and

11     2.     For interest at the rate of 10% per annum on the Award Amount from the date

12            thereof until paid in full.

13  *Id.*  The parties to the underlying arbitration agreed to the terms of the Stipulated Consent Award.

14  *Id.* at pp. 2-3; *see also* Marcus Decl., Ex. 3 at Section II(I)(1) (p. 19).

15  Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.,* the Court should

16  confirm the Stipulated Consent Award and enter judgment thereon because: (1) the Arbitrator issued

17  the Stipulated Consent Award pursuant to the provisions of a valid and binding arbitration

18  agreement between the parties, (2) the Parties stipulated to the entry of the Stipulated Consent

19  Award and Respondents waived all objections or challenges to the Stipulated Consent Award, and

20  (3) none of the very limited exceptions to confirmation of an arbitration award apply.  Therefore,

21  Petitioners respectfully request that the Court confirm the Stipulated Consent Award in its entirety

22  and enter final judgment thereon.

23  **II.     FACTUAL BACKGROUND**

24  On or about December 8, 2015, Schmidt and Rundell entered into a Consulting Services

25  Agreement.  Marcus Decl., Ex. 2.  The Consulting Services Agreement contained the following

26  arbitration clause:

27      Any controversy or claim arising out of or relating to (i) this Agreement, (ii) the
        breach of this Agreement (including the applicability of this clause), or (iii) any other
28      relationship, contract or issues between the parties, whether based in contract, tort,

2

statute or other legal or equitable theory, shall be settled solely by binding arbitration before one Arbitrator, sitting in Santa Clara County, California, in accordance with the rules of the American Arbitration Association then in effect. A judgment of a court having jurisdiction may be entered upon the arbitrator's award. Except as required by judicial process or by law, no party or arbitrator may disclose the existence, contents or results of any arbitration hereunder without the prior written consent of both parties.

*Id.* at § 8.0.

Petitioners initiated the underlying Arbitration against Respondents pursuant to the arbitration clause in the Consulting Services Agreement.  Marcus Decl., Ex. 1 at 2:6–8; *see also* Marcus Decl., Ex. 3 at Section I(A)(14) (p. 3).

On or about February 4, 2023, the Parties entered into a Forbearance Agreement (the "Forbearance Agreement") to amicably resolve their dispute and the Arbitration.[1]  Marcus Decl., Ex. 1 at 2:9–11; *see also* Marcus Decl., Ex. 3.  The Stipulated Consent Award is Exhibit A to the Forbearance Agreement and Respondents executed the Stipulation for the Arbitration Consent Award when signing the Forbearance Agreement.  Marcus Decl., Ex. 3, Exh. A.

The Forbearance Agreement obligated Respondents to make payments in the total amount of $2,052,250.  Marcus Decl., Ex. 3, Section II(A)-(C) (pp. 8-10).  The Parties stipulated and agreed that Respondents "owe [Petitioners] a liquidated debt in the amount of two-million fifty-two thousand two-hundred and fifty dollars US ($2,052,250 US) and, if the Arbitration was completed, the [Petitioners] would obtain an award and judgment against the [Respondents] in excess of" this amount.  Marcus Decl., Ex. 3, Section II(A) (pp. 8-9).  The following is a breakdown of Respondents' payments required by the Forbearance agreement (totaling $2,052,250):

- Respondents were required to pay $100,000 to Petitioners by February 7, 2023.  Marcus Decl., Ex. 3 at Section II(B)(1)(a) (p. 9);

- Respondents were required to pay $1,400,000 to Petitioners within 40 days (40 days after February 4, 2023 is March 16, 2023).  Marcus Decl., Ex. 3 at Section II(B)(1)(b) (p. 9);

- Respondents were required to pay $52,250 to the American Arbitration Association within 5

---

[1]  Hillspire LLC and Big Hen Group I LLC are parties to the Forbearance Agreement, but were not Parties to the Arbitration.

**PETITIONERS' PETITION TO
CONFIRM ARBITRATION AWARD**          CASE NO. _____

1   days.  Marcus Decl., Ex. 3 at Section II(B)(1)(c) (p. 9)[2];

2   • Respondents were required to pay $500,000 to Petitioners within 45 days.  Marcus Decl., Ex.

3   3 at Section II(B)(1)(d) (pp. 9-10); and

4   • Respondents were required to pay the American Arbitration Association all amounts then

5   owed by Respondents to the American Arbitration Association.[3]  Marcus Decl., Ex. 3 at

6   Section II(C)(1) (pp. 10).

7   Pursuant to the Forbearance Agreement, if Respondents fail to make any of the above-listed

8   payments, Petitioners are entitled to obtain a judgment against Respondents for the full $2,052,250

9   amount of the Stipulated Consent Award.  Marcus Decl., Ex. 3 at Section II(I)(1-3) (pp. 19).

10   Importantly, if Respondents make certain of the required payments, but not all, Respondents "shall

11   not be entitled to a set-off for their partial payments and the amount of the [Stipulated Consent

12   Award] shall not be reduced by the amount of the partial payments."  Marcus Decl., Ex. 3 at Section

13   II(I)(3) (pp. 19).  Respondents acknowledged the procedural and substantive validity of the

14   Stipulated Consent Award and waived all objections and challenges to the Stipulated Consent

15   Award.  Marcus Decl., Ex. 3 at Section II(I)(1)-(3) (p. 19); *see also* Marcus Decl., Ex. 1 at 2:12–16.

16   Respondents did <u>not</u> pay the following amounts required by the Forbearance Agreement:

17   • Respondents did not pay $1,400,000 to Petitioners by March 16, 2023, as required by

18   Section II(B)(1)(b) of the Forbearance Agreement;

19   • Respondents did not pay $52,250 to the American Arbitration Association within 5 days, as

20   required by Section II(B)(1)(c) of the Forbearance Agreement; and

21   • Respondents did not pay $500,000 to Petitioners within 45 days, as required by Section

22

23   _____

24   [2]  Prior to November 2022, Respondents failed to pay $52,250 that they owed to the American
Arbitration Association ("AAA") for the subject arbitration.  The AAA advised Petitioners that, if
they did not pay the $52,250 that was owed and unpaid by Respondents, the AAA would

25   suspend/terminate the pending Arbitration.  Therefore, during November 2022, Petitioners paid the
AAA the $52,250 that was owed by Respondents.  Pursuant to the Forbearance Agreement,

26   Respondents agreed, *inter alia*, to pay this $52,250 to the American Arbitration Association so that
the money would thereafter be refunded by AAA to Respondents.  Marcus Decl., ¶ 11 and Exh. 7.

27   [3]  Separate and distinct from the $52,500 addressed in footnote 2, above, Respondents owed the
AAA additional amounts for the Arbitration.  Section II(C)(1) of the Forbearance Agreement

28   required Respondents to pay those amounts.  Marcus Decl., ¶ 12.

**PETITIONERS' PETITION TO
CONFIRM ARBITRATION AWARD**                    **CASE NO. _____**

1    II(B)(1)(d) of the Forbearance Agreement.

2    Marcus Decl., ¶ 6.[4]

3        On March 17, 2023, Petitioners' counsel advised the Arbitrator of Respondents' failure to

4    make the $1,400,000 payment required on May 16, 2023 and requested that the Arbitrator execute

5    the Stipulated Consent Award.  Marcus Decl., Ex. 5.  Respondents did not contest their failure to

6    make the $1,400,000 payment due on May 16, 2023 and Petitioners' resulting entitlement to an

7    arbitration consent award.  Marcus Decl., ¶ 7.

8        On March 20, 2023, the Arbitrator executed the final and binding Stipulated Consent Award

9    that Petitioners now seek to confirm. Marcus Decl., Exs. 1 and 5.

10   **III.    <u>JURISDICTION AND VENUE</u>**

11       This Court has jurisdiction over this petition to confirm because the parties are diverse and

12   the amount in controversy exceeds $75,000.  Schmidt is an individual who resides in California.

13   Marcus Decl., ¶ 9.  MBVO, TSFV, and ASM, and each of their members, reside exclusively in

14   California.  *Id*.  Therefore, all of the Petitioners are citizens of the State of California.  *Buschman v.*

15   *Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014) ("For purposes of

16   determining diversity jurisdiction, a limited liability company is deemed to have the citizenship of

17   each of its members" and "[a]n LLC's principal place of business of state of organization is

18   irrelevant to this analysis.").

19       Rundell is an individual who resides in Colorado, and Rundell is the sole member/owner of

20   MBV, Tennyson, StarterNoise, and Student Deals.  Marcus Decl., ¶ 10.  Therefore, all of the

21   Respondents are citizen of Colorado.

22       Because all Petitioners are citizens of California and all Respondents are citizens of

23   Colorado, there is complete diversity of jurisdiction as required by 28 U.S.C. § 1332.  The amount

24   of the Stipulated Consent Award is $2,052,250, which far exceeds the $75,000 threshold required by

25   28 U.S.C. § 1332.

26

27   [4]  During February 2023, Respondents paid $20,018 to the AAA pursuant to Section II(C)(1) of the
     Forbearance Agreement.  That payment was unrelated to, and did not satisfy, Respondents' separate
     obligation to pay the AAA $52,250 pursuant to Section II(B)(1)(c) of the Forbearance Agreement.
28   Marcus Decl., ¶ 12.

                                                  5

Glaser Weil

1   Venue is proper because: (i) the Consulting Services Agreement requires that the arbitration

2   take place in "Santa Clara County, California" (Marcus Decl., Ex. 2, § 8.0); (ii) the Arbitrator is

3   located in San Francisco (Marcus Decl., Ex. 6); and (iii) the Stipulated Consent Award was made in

4   the Northern District of California covering Santa Clara County.  A petition to confirm "may be

5   made in the United States court in and for the district within which such an award was made."  9

6   U.S.C. § 9.

7   **IV.    ARGUMENT**

8         **A.    The Court Should Confirm the Stipulated Consent Award**

9   The FAA provides that a party may apply to the Court for an order confirming an arbitration

10  award if the arbitration agreement provides that a Court judgment may be entered upon the award.  9

11  U.S.C. § 9.  The parties' arbitration clause states that "[a] judgment of a court having jurisdiction

12  may be entered upon the arbitrator's award."  Marcus Decl., Ex. 2 at § 8.0.

13  As stressed by the Ninth Circuit on numerous occasions, judicial review of an arbitration

14  award "is 'both limited and highly deferential.'"  *Coutee v. Barrington Capital Grp., L.P.*, 336 F.3d.

15  1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84

16  F.3d 1186, 1190 (9th Cir. 1996).  In this case, the Stipulated Consent Award is in all respects proper

17  and there are no legitimate grounds to vacate, modify, or correct.  Indeed, in the Forbearance

18  Agreement, the Respondents stipulated, agreed, warranted, and represented that the Stipulated

19  Consent Award "is substantively and procedurally proper, permissible, and legal, including the

20  amount of the ACAS, and is not subject to any objection, opposition, or challenge."  Marcus Decl.,

21  Ex. 3 at Section II(I)(1) (p. 19).  Moreover, the Stipulated Consent Award provides that

22  "Respondents voluntarily, knowingly, and intelligently waive any rights they may have to challenge

23  the [Stipulated Consent Award]."  Marcus Decl., Ex. 1 at 2:26–27; *see also* Marcus Decl., Ex. 3 at

24  Section II(I)(1) (p. 19) ("The [Parties] expressly waive, and agree not to assert, any challenge,

25  objection, or opposition to the ACAS based on any grounds whatsoever, including with respect to

26  the amount of the [Stipulated Consent Award].").  Accordingly, the Court should grant an order

27  confirming the Stipulated Consent Award and enter judgment in conformity.

28  / / / /

6

**PETITIONERS' PETITION TO**
**CONFIRM ARBITRATION AWARD**                                            **CASE NO. _____**

2272380

The FAA provides that "the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [Title 9]." 9 U.S.C. § 9 (emphasis added); *see also Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies"); *Bosworth v. Cubicon Corp.*, 2016 WL 4088879, at *1 (N.D. Cal. Aug. 2, 2016) ("A district court *must* confirm an arbitration award unless it is vacated pursuant to Section 10 or modified pursuant to Section 11 . . . .") (emphasis in original).

The grounds for vacating an arbitration award under Section 10 of Title 9 are limited to: (1) fraud in the procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding of powers; and (4) corrections for material miscalculations, exceeding of powers, or imperfection of form. 9 U.S.C. § 10(a); *see also G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003). The grounds for correcting an arbitration award under Section 11 of Title 9 are limited to: (1) an evident material miscalculation in the figures or a material mistake in the description of any person or thing in the award; (2) the inclusion of a matter not submitted to the arbitrator; or (3) an imperfection in the form of the award not affecting the merits. 9 U.S.C. § 11(a); *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640, fn. 3 (9th Cir. 2010).

Confirmation of an arbitration award "is a summary proceeding that converts a final arbitration award into a judgment of the court." *K&M Installation, Inc. v. United Brotherhood of Carpenters, Local 405*, 2016 WL 1559712, at *2 (N.D. Cal. Apr. 18, 2016) (James, M.J.) (quoting *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011)). Unless an arbitration award is vacated, pursuant to Section 10 of Title 9, or modified, pursuant to Section 11 of Title 9, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003)); *see also Hall Street*, 552 U.S. at 588 ("Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to

1  maintain arbitration's essential virtue of resolving disputes straightaway").  A showing of "error—or

2  even a serious error" is insufficient to set aside an arbitration award. *Stolt-Nielsen S.A. v.*

3  *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

4  Respondents cannot argue that any of the limited grounds for vacatur or correction set forth

5  in Sections 10 and 11 of Title 9 apply.  Indeed, Respondents "voluntarily, knowingly, and

6  intelligently waive[d] any rights they may have [had] to challenge the [Stipulated Consent Award]."

7  Marcus Decl., Ex. 1 at 2:12–16; *see also* Marcus Decl., Ex. 3 at Section II(I)(1)–(3) (p. 19).  And,

8  Petitioners filed this Petition within the one-year time limit set forth in 9 U.S.C. § 9.  Accordingly,

9  the Court should confirm the Stipulated Consent Award in its entirety and enter Judgment thereon.

10 Petitioners have submitted and served a Proposed Judgment concurrently with the filing of this

11 Petition.

12 **B.**     **Petitioners are Entitled to Prejudgment Interest on the Award Amount**

13 The Stipulated Consent Award provides for "interest at the rate of 10% per annum on the

14 Award Amount from the date hereof until paid in full."  Therefore, Petitioners are entitled to

15 prejudgment interest on the $2,052,250 Award Amount, accruing from the date of the Stipulated

16 Consent Award to the date of the entry of the Court's Judgment.  This translates to an accrual of

17 $562.26 of pre-judgment interest per day (10% ÷ 365 * $2,052,250).  Accordingly, when confirming

18 the Stipulated Consent Award and entering Judgment thereon, the Court should add an additional

19 $562.26 for every day between the March 10, 2023 execution of the Stipulated Consent Award and

20 the Court's judgment herein.

21 **C.**     **Petitioners are Entitled to Recover Attorneys' Fees as a Result of Respondents'**

22         **Breach of the Forbearance Agreement**

23 The Forbearance Agreement provides that "[i]n the event of a dispute, action, lawsuit,

24 arbitration, or proceeding between the [Parties] regarding the terms of [the Forbearance Agreement]

25 and/or performance of [the Forbearance Agreement] . . . the prevailing party shall be entitled to

26 recover any and all costs, expenses, expert fees, and attorneys' fees incurred as a result of the

27 dispute, action, lawsuit or proceeding."  Marcus Decl., Ex. 3 at Section II(Q)(8) (p. 29).  As

28 described above, this Petition was necessitated by Respondents' breach of their payment obligations

8

Glaser Weil

set forth in the Forbearance Agreement.  Marcus Decl., ¶ 6 and Ex. 3 at Section II(A)–(B) (pp. 8–10). Respondents' failure to make the contractually required payments forced Petitioners to request that the Arbitrator enter the Stipulated Consent Agreement and to prepare and file this Petition. Marcus Decl., Ex. 5.  But for Respondents' breach of their obligations to pay the specified amounts according to the timeline in the Forbearance Agreement, Petitioners would not have incurred the attorneys' fees to file this Petition.  Therefore, Respondents are required to pay Petitioners' attorneys' fees since the date of Respondents' breach.

In an action arising under state law, Federal Courts "apply the law of the forum state to determine whether a party is entitled to attorneys' fees . . . ."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).  Therefore, a United States District Court may properly authorize attorneys' fees pursuant to California law where authorized by contract.  *t'Bear v. Forman*, 859 F. App'x 54, 55 (9th Cir. 2021) (citing Cal. Civ. Code § 1717 as "allowing an award of attorney's fees in an action 'on a contract' where the contract specifically provides for attorney's fees that are incurred to enforce that contract[.]").  Moreover, "if a contract provides for the payment of attorneys' fees incurred in enforcing an agreement, the trial court must award those fees." *Landmark Infrastructure Holding Co., LLC v. R.E.D. Invs., LLC*, 933 F.3d 906, 911 (8th Cir. 2019).

Here, the Parties' Forbearance Agreement specifically provides for recovery of attorneys' fees incurred to enforce the Forbearance Agreement.  Marcus Decl., Ex. 3 at Section II(Q)(8) (p. 29).  Therefore, Petitioners are entitled to an award of the attorneys' fees that they incurred to enforce Respondents' payment obligations under the Forbearance Agreement and the Court should include, in its Judgment confirming the Stipulated Consent Award, that Petitioners may recover their costs and attorneys' fees pursuant to a post-judgment motion.  Petitioners will thereafter file the appropriate motion for attorneys' fees.

///

///

///

///

///

9

1

## V.     <u>CONCLUSION</u>

2

Petitioners respectfully request that, in accordance with the Federal Arbitration Act and the

3 parties' agreements, the Court enter an order confirming the Stipulated Consent Award in its

4 entirety and enter judgment thereon in accordance with the Proposed Judgment filed herewith.

5     DATED:  March 30, 2023                    GLASER WEIL FINK HOWARD
                                               AVCHEN & SHAPIRO LLP
6

7
                                    By:  _*Craig Marcus*_____
8                                        PATRICIA L. GLASER
                                         CRAIG MARCUS
9                                        ALEXANDER J. SUAREZ
                                         Attorneys for Petitioner
10                                       Eric Schmidt, Maple Beach Ventures One, LLC,
                                         TSFV Holdings, LLC, and AS Management, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**PETITIONERS' PETITION TO
CONFIRM ARBITRATION AWARD**                    **CASE NO. _____**

2272380

Glaser Weil

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On March 30, 2023 I served the foregoing document(s) described as **PETITIONERS' NOTICE OF PETITION AND PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT; REQUEST FOR ATTORNEY'S FEES** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows:  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on March 30, 2023, at Los Angeles, California.

_____/s/ Gabrielle Lee_____
GABRIELLE LEE

1

## SERVICE LIST

2

Joseph Tripodi, Esq.
3  Kranjac Tripodi & Partners LLP
    30 Wall Street, 12 Floor
4  New York, New York 10005
    Email: jtripodi@ktpllp.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28